UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-468 |
| | ) | |
| BEAU B. BRINDLEY and | ) | Honorable Harry D. Leinenweber |
| MICHAEL THOMPSON, | ) | U.S. District Judge |
| Defendants. | ) | |

**GOVERNMENT'S NOTICE OF INTENT TO IMPEACH**

The UNITED STATES OF AMERICA, by LORETTA E. LYNCH, United States Attorney General, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Michael Chmelar and Mel Johnson, Assistant United States Attorneys, file the following response to the defendants' joint motion for notice of the government's intent to impeach either defendant with specific instances of conduct under Federal Rule of Evidence 608(b).

On or about January 15, 2015, a grand jury in the Northern District of Illinois returned a superseding indictment that charged defendants Brindley and Thompson with conspiracy, perjury, and obstruction of justice in seven legal proceedings in the Northern District of Illinois.

On or about May 19, 2015, defendants filed a joint motion for notice of the government's intent to impeach either defendant with any specific instances of conduct pursuant to Rule 608(b). But Rule 608 does not contain a notice requirement. Rule 608(b) states,

> Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:

    (1)    the witness; or

    (2)    another witness whose character the witness being cross-examined has testified about.

In support of their joint motion, defendants rely on *United States v. Lim*, 2008 U.S. Dist. LEXIS 8347 (N.D. Ill. June 14, 2000). Defendants state that the district court in that case ordered the disclosure of "not only all other acts evidence that it intends to offer in its case in chief, but also any such evidence that it intends to offer to impeach any witness (including the defendant) or in rebuttal." However, the language from *Lim* quoted by defendants relates to Rule 404(b), not 608(b); and the *Lim* decision does not actually support defendants' joint motion. In fact, in response to Lim's motion for pretrial notice of specific instances of conduct the government intended to use as impeachment, the court stated, "Lim cites no authority supporting his request to obtain such evidence prior to trial . . . [h]owever, to the extent that evidence . . . constitutes 'other act' evidence within the meaning of Rule 404(b) . . . the fact that it might also be admissible under Rule 608(b) will not excuse the government from producing it prior to trial."

Anyway, if defendant Brindley testifies, this filing should serve notice that the government will seek to impeach him with specific instances of conduct related to his character for truthfulness. More specifically, the government will cross-examine Brindley about the following: (a) the proceedings related to the contempt finding against Brindley by District Judge Michael P. McCuskey in *United States v. Juan Britton*, 10-CR-20090, on November 30, 2012 in the Central District of Illinois; (b) the sanction received by Brindley by the Seventh Circuit in *United States v. Johnson*, No. 13-1350, when he intentionally violated Circuit Rule 30(d); (c) forging Alexander Vasquez's name on a petition pursuant to 18 U.S.C. § 2255 that was filed with

the U.S. District Court in the Northern District of Illinois; and (d) misrepresentations on the website for the Law Office of Beau B. Brindley.

The specific instances of conduct described above are matters that have been produced to defendants or are matters of public record. For the reasons describe above, the government objects to any further disclosure of Rule 608(b) impeachment evidence; and the government reserves the right to introduce other impeaching evidence that is admissible under Rule 608(b).

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney General

        JAMES L. SANTELLE
        United State Attorney
        Eastern District of Wisconsin

By:   *s/Michael Chmelar*
        MICHAEL CHMELAR
        Assistant United States Attorney
        Eastern District of Wisconsin
        517 E. Wisconsin Avenue
        Milwaukee, WI, 53202

        *s/Mel Johnson*
        MEL JOHNSON
        Assistant United States Attorney
        Eastern District of Wisconsin
        517 E. Wisconsin Avenue
        Milwaukee, WI, 53202

Dated: July 17, 2015

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

## GOVERNMENT'S NOTICE OF INTENT TO IMPEACH

was served on July 17, 2015, pursuant to the district court's ECF system as to ECF filers.

        By:    *s/Michael Chmelar*
                  MICHAEL CHMELAR
                  Assistant United States Attorney
                  Eastern District of Wisconsin
                  517 E. Wisconsin Avenue
                  Milwaukee, WI, 53202

                  *s/Mel Johnson*
                  MEL JOHNSON
                  Assistant United States Attorney
                  Eastern District of Wisconsin
                  517 E. Wisconsin Avenue
                  Milwaukee, WI, 53202