IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 CR 468 |
| | ) | Judge Harry D. Leinenweber |
| BEAU B. BRINDLEY and | ) | |
| MICHAEL THOMPSON, | ) | Emergency Motion |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' EMERGENCY UNOPPOSED MOTION FOR AN ORDER DIRECTING MCC CHICAGO TO PRESERVE AND PRODUCE VIDEO AND AUDIO RECORDS**

Defendants **BEAU B. BRINDLEY** and **MICHAEL THOMPSON**, by their attorneys, **CINDY GIACCHETTI, PATRICK W. BLEGEN** and **EDWARD GENSON**, pursuant to the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully moves this Court for entry of its order directing the Metropolitan Correctional Center (MCC) to preserve and produce to the defense and prosecution certain video and audio recordings identified herein.[1]

In support thereof, Defendant, through counsel, shows to the Court the following:

1. As the Court is aware, the defendants, attorneys Beau Brindley and Michael Thompson, are charged in a twenty-one count indictment alleging that they conspired to commit and actually committed the offenses of making false statements under oath and obstructing justice in violation of 18 U.S.C. §§ 1623(a) and 1512(c)(2). In a nutshell, the defendants are

---

[1] Counsel have filed this motion as an emergency motion to insure that the requested video and audio materials are not destroyed as part of routine MCC deletion procedures. Moreover, counsel are not certain whether the requested video recordings also include audio. To the extent they do, counsel request that the MCC be ordered to preserve and produce both audio and video. To the extent audio does not exist, counsel request that the video recordings be preserved and produced.

alleged to have presented the testimony of defendants and witnesses having invented and prepared knowingly perjurious testimony for those individuals.

2.  Three of the critical witnesses for the government are former clients of Mr. Brindley: Alexander Vasquez, Richard Harrington and Isaac Myles. It appears from discovery and the government's *Santiago* proffer that each of these individuals intends to assert, in general, that he was provided with false testimony to present at his trial, that the false testimony was created by his attorneys, and that the attorneys (or at least one of them) was directly aware that the testimony was false.

3.  Each of these individuals received a lengthy sentence and remains incarcerated in the Bureau of Prisons. Each has also reached an agreement with the government for a reduction in sentence in exchange for testimony against Mr. Brindley and Mr. Thompson.

4.  It has come to the attention of the defense that Mr. Vasquez, Mr. Harrington and Mr. Myles are all currently incarcerated on the same floor of the MCC. The defense has also been informed that Mr. Vasquez, Mr. Harrington, and Mr. Myles have been meeting together and discussing their testimony in the upcoming trial. They have also, the defense has been informed, made statements during these meetings regarding their motivations for testifying in the upcoming trial, and statements undercutting the veracity of their anticipated testimony.

5.  The bias and motivation of these witnesses will, of course, be of paramount importance at trial. Moreover, the extent to which these witnesses provide consistent testimony; *e.g.*, that they were each prepared to testify falsely in the same way and had the same sort of interactions with their attorneys, will be an important issue. Evidence demonstrating that the witnesses met together and discussed their testimony beforehand would be significantly impeaching.

6. Moreover, the information regarding Vasquez, Harrington and Myles meeting together comes from a potential defense witness who indicates that he saw, overheard, and actually participated with them in these discussions. Evidence verifying that this potential witness did in fact see these individuals meet with each other and spoke with them during this time would corroborate his testimony.

7. The information received by the defense indicates that Vasquez, Harrington and Myles met with each other on the following approximate dates and times:

| Date | Time | Location |
| --- | --- | --- |
| July 20, 2015 | 7:00 pm to 11:00 pm | Day Room, 21st Floor |
| July 29, 2015 | 8:30 am to 12:00 pm | Inmate Gym Area, Day Room, 21st Floor |
| July 29, 2015 | 2:30 pm to 7:30 pm | Section 1, 21st Floor |
| July 31, 2015 | 4:30 pm to 9:00 pm | Section 1, 21st Floor |
| August 1, 2015 | 4:30 pm to 9:00 pm | Section 1, 21st Floor |
| August 3, 2015 | 10:30 am to 12:30 pm | Inmate Gym Area, Day Room, 21st Floor |
| August 5, 2015 | 11:00 am to 1:00 pm | Inmate Gym Area, Day Room, 21st Floor |
| August 5, 2015 | 5:00 pm to 7:00pm | Section 1, 21st Floor |

8. It is counsel's understanding that these areas of the MCC are subject to video, and potentially, audio monitoring. The defense requests, therefore, that the MCC be ordered to preserve and produce any video and audio recording of the above listed dates, times and locations. This request is specific both as to date and time and is not a general "fishing expedition" for potentially relevant evidence. Rather, the requested materials are quite clearly relevant and exculpatory evidence that is of tremendous importance to the defense.

9. Undersigned counsel has communicated with the attorneys for the government who have indicated that they do not oppose this motion.

WHEREFORE, Defendants respectfully request that this Court enter an order directing the Metropolitan Correctional Center to preserve and produce to defense and prosecution counsel any and all video and/or audio recordings as set forth above.

    Respectfully submitted,

    s/ Patrick W. Blegen
    **PATRICK W. BLEGEN**, One of the
    Attorneys for Defendant Beau Brindley.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100