UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 CR 468 |
| | ) | |
| BEAU B. BRINDLEY | ) | Honorable Harry D. Leinenweber |
| and MICHAEL THOMPSON | ) | |

### DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE DEFENSE EXHIBITS

Now come the Defendants BEAU B. BRINDLEY, by his attorneys Cynthia Giacchetti, and Patrick W. Blegen, and MICHAEL THOMPSON, by his attorneys Edward M. Genson and Blaire C. Dalton, and in response to the Government's "Motion to Preclude Defense Exhibits" responds as follows:

The Government's Motion to Preclude Defense Exhibits failed to fully advise the Court regarding the status of discovery between the parties. The Motion suggested that the Defense had received all required discovery from the Government and had simply ignored the Government's request for reciprocal discovery. In particular, the Government failed to advise the Court of events and discussions between counsel that occurred after the June 30, 2015, status hearing in which reciprocal discovery was discussed with the Court.

On June 30, 2015, counsel Ms. Giacchetti advised the Court that the Government had in its possession most of the materials that would be used by the Defense in the case in chief at trial as a result of a search of the law offices that occurred on July 14, 2014. Ms. Giacchetti's representation that she could provide reciprocal discovery within a week or so by identifying what the Defense intended to use among the seized material as

well as any additional items not in the seized material was based on Ms. Giacchetti's belief that the Government was going to provide copies of that material to the defense within days. In particular, on July 14, 2014 the Government had seized a number of computers and electronic devices pursuant to a search warrant and, since her first request by telephone and e-mail the day after the search on July 15, 2014, Ms. Giacchetti had been trying to obtain the materials seized from those computers and electronic devices. On June 9, 2015, Ms. Giacchetti had provided what she was told was the required hardware to obtain the materials and therefore, at the status on June 30, she expected the materials to be provided within days.

In fact, the Defense was not provided with the materials seized from the law office computers and electronic devices that were in the possession of the prosecution team until Thursday August 6.

After the June 30, 2015, status hearing, the Defense became aware for the first time that the information seized from the computers and the electronic devices taken in July 2014 vastly exceeded the scope of the July 2014 search warrant and the probable cause therein[1]. No report was ever provided to the Defense regarding the scope of the computer seizure. Therefore, for nearly a year the Defense understood that the information taken from the computers in July 2014 was limited to information related to the *Harrington, Burnett* and *Vasquez* cases, as authorized in the July 2014 search

---

[1]The Government apparently believes the scope of the search warrant was expanded because of language in the Affidavit for the search warrant regarding imaging computers. The Defense does not agree. However, based on what we understand is presently being offered by the Government at trial, the Defense is not at this time moving to suppress any evidence based on the scope of the July 2014 search or the subsequent July 2015 search.

warrant.

On Friday July 17, 2015, a search warrant and application therefore were entered onto the docket by "las" reflecting a second search warrant issued on July 8, 2015. The affidavit for that search warrant revealed that the Government had in fact not limited its search to the information authorized in the July 2014 search warrant but, instead, had made and retained a forensic image of all information on all computers and electronic devices seized in 2014. This is the first notice the Defense received of the true scope of the July 2014 seizure.

On Monday July 20, 2015, the Defense sent a detailed e-mail to the Government regarding the issues presented by the scope of the July 2014 seizure and the subsequent July 2015 search. The Defense made a number of requests for information. The Government did not respond to this e-mail although in a conversation while in court on July 21, 2015, the Government indicated that the search pursuant to the July 8, 2015, search warrant was ongoing.

After numerous discussions with various Special Agents about types of computer hardware required and available formats, on Friday July 24, 2015, the Defense was provided with a readable hard drive containing all the forensic images taken from the computers and other electronic devices seized during the search of the Brindley law offices. However, most importantly, the materials produced on July 24, 2015, failed to identify which of those materials actually were in the possession of the prosecution team. In other words, the Government had returned a copy of the entirety of their law office computers but had not identified what materials had been seized for use in this case by the prosecution team.

On July 27, 2015, the Defense sent another detailed e-mail to the Government pointing out that the Defense still did not know what documents and other items the prosecution team had in its possession and control as a result of the seizure and search of the computers in July 2014 and as a result of the search performed pursuant to the second search warrant issued on July 8, 2015. The Defense specifically requested that the Government provide copies of all materials obtained as a result of both search warrant searches that are in the possession or control of the prosecution team.

In the July 27, 2015, e-mail the Defense specifically advised the Government as follows: "We cannot possibly be ready for trial on the date set, respond to your recent request for stipulations as to authenticity, provide reciprocal discovery or file relevant suppression motions until you provide a copy of the materials from the law firm's computers that the prosecution team actually has in its possession and control and available for use at trial." As with the July 20, 2015, e-mail, the Government did not respond.

On Thursday, July 30, 2015, prior to the Court appearance, Ms. Giacchetti asked AUSA Mel Johnson when the Defense would receive the copies of the computer materials in the possession of the prosecution team. Mr. Johnson indicated that this was being handled by Michael Chmelar and that Mr. Chmelar would be in touch with Ms. Giacchetti. In reliance on the representation that Mr. Chmelar would contact the Defense and assuming that the outstanding discovery issues, including production of reciprocal discovery, would thus be resolved between the parties, the Defense did not file a Motion regarding such issues on Monday August 3, 2015.

However, AUSA Chmelar did not contact Ms. Giacchetti as represented. Instead, on Monday August 3, 2015, the Government filed a Motion to Preclude Defense Exhibits which, in that it omits all of the above, did not fully advise the Court of the status of discovery and the discussions between the parties as of that date.

On Tuesday August 4, 2015, the Defense sent another e-mail to the Government in another effort to resolve the outstanding discovery issues. The Government responded by e-mail on Wednesday August 5, 2015. While expressing disagreement with the Defense on a number of issues, the Government indicated that the requested copies of materials from the law office computers and electronic devices in the possession of the prosecution team were being sent to the Defense by Federal Express. Those materials were received on Thursday August 6, 2015.[2] On Friday, August 7, 2015, the Defense received binders containing marked exhibits which the Government presently intends to offer into evidence at trial.

In light of the Government's Motion to Preclude, it is clear that Ms. Giacchetti should have advised the Court at the last status of the outstanding discovery issues, including the fact that the Defense had not yet provided reciprocal discovery. However, as set forth above, it was Ms. Giacchetti's understanding that the Government understood the Defense position that reciprocal discovery would not be provided until the discovery requested from the Government was provided. Rule 16(b)(1)(A) is very clear that the Defendant has reciprocal discovery obligations only "If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies." Until

---

[2]The materials received appear to be limited to those obtained as a result of the first search in July 2014. The Defense is still waiting to receive copies of any materials obtained from the search done pursuant to the search warrant issued on July 8, 2015.

Thursday August 6, 2015, when the Defense finally received a copy of the materials seized from the law office computers and other electronic devices in the possession or control of the prosecution team, the Government's disclosure obligations under Rule 16(a)(1)(E) had not been met. Most important, Ms. Giacchetti did not bring these issues to the Court's attention as she understood that these issues were being worked out between the parties rather than involving the Court and she believed that the Government intended to confer with her about these issues, as required by Local Rules (*See, e.g.*, LCrR12.1, LCrR16.1).

The Defense has not had an opportunity to completely review the copies of the materials from the first search provided on August 6, 2015. The Defense also has not yet received copies of the materials obtained by the prosecution team as a result of the search of July 8, 2015. Regardless, in anticipation and in preparation for the August 17, 2015, trial date, the Defense has compiled a list of the items which the defense presently believes it may use in its case in chief.[3] This list will be provided to the Government by e-mail either on the date of this filing (August 10) or the next day. As suggested on June 30, 2015, the vast majority of these items have been in the possession of the Government for over a year.

---

[3] The Defense, consistent with Rule 16(b)(1)(A), is providing the Government with "items that the defense intends to use in its case in chief." In citing a written request in its Motion to Preclude, the Government suggests Rule 16(b)(1)(A) requires production of materials that the Defense "intend[s] to use as impeachment for government witnesses". G.MOT. p. 3. Rule 16(b)(1)(A) does not so read, it is the Defense position that such materials are not required to be produced under Rule 16(b)(1)(A), and those materials have not been provided.

Given the above, there is no basis for the draconian sanction of precluding the Defendants from offering exhibits at trial. Such an order would be a denial of the Defendants' constitutional right to due process and to present a defense.

The Government did not provide copies of the materials in the prosecution team's possession from the search of the law firm's computers and other devices until August 6, 2015. Moreover, in reviewing the Government's marked Exhibits provided on Friday August 7, 2015, it appears that a number of those exhibits may not have been previously provided to the Defense in discovery. In addition, the Government has not yet provided the Defense with materials obtained as a result of the July 8, 2015, search warrant. Despite this situation, the Defense continues to prepare diligently for the August 17, 2015, trial date and continues to communicate with the Government in regard to efficient introduction of testimony and exhibits at trial by both parties.

WHEREFORE, Defendants Beau Brindley and Michael Thompson respectfully move this Court to deny the Government's Motion to Preclude Defense Exhibits.

> Respectfully submitted,
> */s/Cynthia Giacchetti*
> One of the Attorneys for
> Defendant Beau B. Brindley
>
> */s/Edward M. Genson*
> One of the Attorneys for
> Defendant Michael Thompson

CYNTHIA GIACCHETTI
53 West Jackson–Suite 1460
Chicago, Illinois 60604
312-939-6440

PATRICK W. BLEGEN
BLEGEN & GARVEY
53 West Jackson–Suite 1437
Chicago, Illinois 60604
312-957-0100

EDWARD M. GENSON
BLAIRE C. DALTON
53 W. Jackson–Suite 1420
Chicago, Illinois 60604
312-726-9015

## CERTIFICATE OF SERVICE

Cynthia Giacchetti, one of the attorneys for the Defendant Beau B. Brindley, certifies that "Defendants' Joint Response to Government's Motion to Preclude Defense Exhibits" was filed electronically using the Court's CM/ECF E-Filing system and was served on all parties on August 10, 2015, by operation of the Court's electronic filing system in accordance with Fed.R.Civ.P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

By:/s/ Cynthia Giacchetti