IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 CR 468 |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| BEAU BRINDLEY and | ) | |
| MICHAEL THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT REPLY TO THE GOVERNMENT'S RESPONSE TO THEIR MOTION TO DISMISS INDICTMENT FOR SELECTIVE WITNESS IMMUNIZAITON**

Defendants, BEAU BRINDLEY and MICHAEL THOMPSON, by and through their attorneys, CYNTHIA GIACHETTI, PATRICK BLEGEN, EDWARD GENSON, and BLAIRE DALTON, respectfully submit the following reply to the government's response to the defendants' motion to dismiss indictment for selective witness immunization.

At its essence, the government's argument is that dismissing an indictment because of the government's refusal to immunize defense witnesses is an extraordinary remedy with such a high standard that the Seventh Circuit has never before done it.[1]  This is, however, an extraordinarily unusual case.  The government has indicted two defense attorneys based primarily on the testimony of already convicted defendants who are currently serving lengthy prison sentences, and who have for the most part exhausted all challenges to their convictions and sentences.  To obtain this testimony, the government has provided astonishing benefits to these witnesses -- offering once-in-a-lifetime chances at sentencing reductions of up to 50% -- simply for testifying that their lawyers told them to lie.  The government has also immunized, or provided plea

---

[1] A decision from the Court that the government's refusal of immunity would violate due process could, of course, lead to the government actually granting the requested immunity.

benefits, to witnesses who now claim that their testimony was false and that it was created by the defendants and their law office. In this context, to do what the government has done here; that is, grant immunity to witnesses who they believe help their case but refuse to do so for witnesses who directly contradict it, is a violation of Due Process no matter how rare the government believes that to be.

What further differentiates this case from others considered by the Seventh Circuit is the fact that the government has previously compelled Joshua Jones and Mayra Vasquez to testify before the grand jury. Thus, we have a record of their sworn, exculpatory testimony, which is sufficient to provide the "substantial evidentiary showing" necessary to establish an intentional distortion of the fact-finding process. *United States v. Chapman*, 765 F.3d 720, 731 (7th Cir. 2014). These witnesses undeniably *have* and *would* provide exculpatory evidence that directly contradicts the allegations against Defendants. A review of the immunized grand jury transcripts of testimony attached to Defendants' initial motion makes clear that Mr. Jones and Ms. Vasquez would exculpate the defendants.

Mr. Jones directly contradicts what Richard Harrington, government witness and convicted former client of the Brindley Law Office, will say. There is no dispute about this, but the government believes that Mr. Jones's grand jury testimony was of questionable credibility and that he might lie to protect the defendants.[2] The irony of these suggestions in the context of comparing Mr. Jones's testimony and credibility to that of Mr. Harrington is apparently lost on the government. Mr. Harrington has the strongest imaginable motive to testify favorably for the government (years of freedom) and is, according to no better source than himself, a perjurer.

---

[2] The government asserts, in fact, that the reason it will not immunize Mr. Jones and Ms. Vasquez is because, "the government does not believe they would credibly exculpate these defendants." (Govt's Response, p. 4) The government may hold this belief, but when comparing Mr. Jones and Ms. Vasquez to the prosecution witnesses, it is not a reasonable belief.

The government's concerns about Mr. Jones do not trump the Due Process violation that will occur if he is not immunized. Those concerns should be addressed in their proper place – cross examination.

Mr. Jones's testimony would be also be exculpatory separate and apart from Mr. Harrington. The government's theory of the case is that the entire "Brindley Law Office" participated in the offenses alleged in the indictments. (Government's *Santiago* Proffer, R. 67 at p. 9) In securing the indictment, the government immunized two members of that office, Timothy Witczak and Mr. Jones. Mr. Witczak, the self-described "low man on the totem pole" of the office, and who was not intimately involved in the cases listed in the indictment, apparently provided information the government has found useful to its prosecution. Even though he did not incriminate himself or reveal any guilty knowledge, the government has immunized him and does not appear to have, as it did with Mr. Jones, questioned Mr. Witczak's assertion of his Fifth Amendment privilege. An order granting him immunity for trial testimony has been entered at the government's request. In contrast, Mr. Jones, who *was* involved in at least two of the listed cases, provided exculpatory testimony before the grand jury. The government has refused to provide him immunity and suggests he may not have a Fifth Amendment privilege in any event. The defense is obviously not privy to the government's inner thought and private conversations, but the decision to immunize one lawyer from the Brindley Law Office in this context and not another, intentionally distorts the fact finding process.[3]

---

[3] The government also suggests that Mr. Jones might inculpate the defendants in some respects. (Govt's Response, p. 5-6) First, this is a reason to grant immunity, not to deny it. Second, save for indicating that he engaged in some trial preparation for Mr. Harrington – an assertion which is hardly incriminating in and of itself – none of this testimony would inculpate Defendant Thompson.

3

Similarly, the refusal to immunize Ms. Vasquez distorts the fact-finding process. Ms. Vasquez and Ms. Collazo testified before the grand jury regarding *United States v. Alexander Vasquez*, a trial in which both women testified as witnesses for the defense. The government has provided a substantial benefit—a sentencing recommendation of probation—for Ms. Collazo, whose grand jury testimony fits with the government's theory of the case. It has, on the other hand, effectively suppressed Ms. Vasquez's exculpatory testimony—that Mr. Brindley told her to tell the truth before the *Vasquez* trial—by refusing to immunize her again for this trial.

In deciding this issue, the Court should not rely on conclusory statements that immunizing Mr. Jones and Ms. Vasquez would not "serve the public interest" or that they are not intentionally distorting the fact finding process. It would be a remarkable case where the government indicated they were intentionally doing the contrary. Rather the Court should examine the government's actions. When grand jury testimony was sought, immunizing Mr. Jones and Ms. Vasquez served the public interest and helped the grand jury learn important facts. Now that trial is about to begin, the government's position is reversed. This reversal distorts the fact-finding process and has produced an "egregiously lopsided access to evidence." *United States v. Buljubasic,* 808 F.2d 1260, 1268 (7th Cir.1987).

WHEREFORE, for all of the reasons set forth in defendants' initial motion, and above, it is respectfully requested that this Court grant defendants' motion and dismiss the indictment.

        Respectfully submitted,

s/ Cynthia Giachetti
CYNTHIA GIACHETTI, Attorney for Defendant, Beau Brindley

s/ Patrick W. Blegen
PATRICK W. BLEGEN, Attorney for Defendant, Beau Brindley

s/ Edward M. Genson
EDWARD M. GENSON, Attorney for Defendant, Michael Thompson

s/ Blaire C. Dalton
BLAIRE C. DALTON, Attorney for Defendant Michael Thompson

**CYNTHIA GIACCHETTI**
53 West Jackson–Suite 1460
Chicago, Illinois 60604
312-939-6440

**BLEGEN & GARVEY**
53 West Jackson-Suite 1437
Chicago, Illinois 60604
312 957-0100

**EDWARD M. GENSON**
**BLAIRE C. DALTON**
53 W. Jackson–Suite 1420
Chicago, Illinois 60604
312-726-9015